# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) CASE NO. 21-cr-522 |
| v. | ) JUDGE DAN AARON POLSTER |
| DAMARCUS BROWN, | ) **OPINION AND ORDER** |
| Defendant. | ) |

Before the Court is Defendant Damarcus Brown's Motion to Revoke Detention Order (the "Motion"). ECF Doc. 20. The Government filed an opposition memorandum, and Brown submitted a reply. ECF Docs. 21, 22. For the following reasons, the Magistrate Judge's detention order is **AFFIRMED**, and Brown's request for pre-trial release with conditions is **DENIED**.

**I.    BACKGROUND**

On July 14, 2021, Defendant Damarcus Brown was charged with one count of Felon in Possession of a Firearm, one count of Possession of a Firearm by Person with a Domestic Violence Conviction, one count of Possession with Intent to Distribute a Controlled Substance, and one count of Possession of a Firearm in Furtherance of a Drug Trafficking Offense. ECF Doc. 1. At arraignment, the Government moved for detention pending trial, and Magistrate Judge William Baughman ordered a detention hearing. ECF Minutes, Apr. 5, 2022.

Brown appeared before Magistrate Judge Baughman for his detention hearing six days later. ECF Minutes, Apr. 11, 2022. The Government argued that Brown should be detained pending trial because: (1) Brown's criminal history indicates that he poses a danger to the community; and (2) the long list of capiases issued for Brown in various state court criminal proceedings indicates that he is a flight risk. ECF Doc. 16, Detention Hrg. Tr. at 4-6, 9. In response,

Brown's defense counsel highlighted mitigating facts—such as Brown's caretaking role for his mother and teenage daughter, as well as his recent employment—and clarified that many of the state court capiases were for failure to pay fines. *Id.* at 6-8. As such, Brown's defense counsel requested pre-trial release and suggested either home confinement or location monitoring as possible conditions to ensure the community's safety and Brown's future appearances. *Id.* at 8.

On April 13, 2022, Magistrate Judge Baughman issued an order of detention. ECF Doc. 12. In the detention order, Magistrate Judge Baughman first concluded that Brown's alleged offenses triggered the statutory presumption of detention, but that Brown sufficiently rebutted the presumption with evidence of his steady employment and ties to the community. *Id.* at 3. However, Magistrate Judge Baughman further determined that pre-trial detention was nonetheless warranted because the 18 U.S.C. § 3142(g) factors favored detention, and the order specifically discussed Brown's repeated domestic violence crimes and his history of capiases as the basis for detention. *Id.* Brown now brings the Motion to challenge the detention order. ECF Doc. 20.

## II.     ANAYLSIS

A district court reviews a Magistrate Judge's detention order *de novo*. 18 U.S.C. § 3145; *see also United States v. Mason*, 20-cr-287, 2020 WL 5096306, at *3-4 (N.D. Ohio Aug. 28, 2020) (explaining that a criminal defendant may seek *de novo* review of a magistrate judge's detention order by the district court with original jurisdiction over the action); *accord United States v. Gonzales*, 149 F.3d 1192 (10th Cir. 1998) (affirming a district court's *de novo* review).

In conducting this review, the district court must first determine whether the defendant's charges trigger the presumption in favor of detention. 18 U.S.C. § 1342(e)(3). If the presumption is triggered, the district court must next consider whether the defendant has met the light burden of production by presenting sufficient evidence to rebut the presumption. *United States v. Stone*,

608 F.3d 939, 946 (6th Cir. 2010) ("Although a defendant's burden of production is not heavy, he must introduce at least some evidence." (internal quotation marks omitted)).

If the presumption is rebutted, the district must next decide whether the Government has shown that, if the defendant is released pre-trial, no condition or combination of conditions will reasonably assure either the defendant's appearance as required or the safety of any other person and the community. 18 U.S.C. § 3142(e). To make this decision, the following statutory factors must be weighed: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristic, including his character, family ties, community ties, employment, past record of failure to appear, and probationary status at the time of the offense; and (4) the nature and seriousness of the danger posed by the defendant's release. 18 U.S.C. § 3142(g). The Government carries the burden of proof, which requires flight risk be shown by a preponderance of the evidence and danger to the community to be shown by clear and convincing evidence. *United States v. Hinton*, 113 F. App'x 76, 77 (6th Cir. 2004).

The Court has conducted a *de novo* review of the record and concludes that Magistrate Judge Baughman was correct to order pre-trial detention for Brown. Accordingly, the Court affirms the detention order for the following reasons.

As preliminary matter, the Court concurs with Magistrate Judge Baughman that Brown's charges trigger the presumption of detention, but that Brown presented sufficient evidence to rebut the presumption. More specifically, the detention presumption is triggered because the indictment provides probable cause to believe that Brown committed an offense under 18 U.S.C. § 924(c), namely using a firearm in furtherance of drug trafficking. ECF Doc. 1 at 2; *see also Stone*, 608 F.3d at 946-47 ("Thus, the indictment [] satisfies the government's preliminary burden to show

probable cause [] and to establish the presumption of detention."). Yet, Brown met his light burden of persuasion and rebutted the presumption by providing evidence of his ties to community, his relationship with his family, and his employment. ECF Doc. 16, Detention Hrg. Tr. at 6-8; ECF Doc. 20-1.

Likewise, the Court further agrees with Magistrate Judge Baughman that the Government carried its burden and has established that Brown is both a flight risk and a danger to the community. Application of the Section 3142(g) factors confirms this determination.

First, the nature and circumstances of the offenses charged weigh in favor of pre-trial detention. As discussed above, Brown is charged with firearm and drug trafficking offenses, which are precisely the type of charges that weigh in favor of pre-trial detention under the statute. ECF Doc. 1; 18 U.S.C. § 3142(g)(1). Thus, as the Government correctly notes, Brown's charges are serious and reflect an inherent danger to the community. *See* ECF Doc. 21 at 4-5 (citing *United States v. Beard*, 528 F. Supp. 3d 764, 774 (N.D. Ohio 2021)).

Second, the weight of the evidence against Brown favors of pre-trial detention. Brown faces these charges because he was found in possession of a controlled substance and a firearm during a traffic stop. As such, there is direct evidence of the alleged crimes.

Third, Brown's history and characteristics weigh in favor of pre-trial detention. Most notably, Brown has faced criminal charges in state court on at least thirteen occasions, and he had roughly fourteen capiases issued against him during these state cases for failure to comply with court orders. *See* ECF Doc. 5 at 3-7. Brown similarly has committed offenses while he was on community control or under a court order to obey all laws. *Id.*

The Court observes that Brown has identified several mitigating facts that are relevant to the analysis of the third Section 3142 factor. Specifically, Brown contends that pre-trial release is

warranted because: (1) he is a caretaker for his ailing mother and his teenage daughter; (2) he has recently secured steady employment; (3) the majority of his criminal history consists of misdemeanor convictions, and only one of his prior convictions is for a felony; (4) all of his prior sentences have been for either community control or short periods of incarceration, which have never exceeded ten days; (5) his most recent state court capias was the result of mistake with a virtual hearing link; and (6) the other recent capiases were for a failure to pay fines and not for failure to appear. ECF Doc. 20 at 3-4.

On balance, however, Brown's argument is insufficient to tip the third factor in his favor. As Magistrate Baughman articulated, Brown's repeated capiases show a disregard for court orders, even if they were mostly issued for failure to pay fines. Coupled with Brown's lengthy criminal history and failure to change his behavior, Brown's history signals that he is likely to disregard any order that this Court may order.

And, finally, the nature and seriousness of the danger posed by Brown's release weighs in favor detention. Again, Brown is charged with drug and firearm offenses, which are inherently dangerous to the community. Moreover, Brown has three convictions for domestic violence, which further establishes that Brown has a history engaging in violent conduct.

Thus, in sum, the Section 3142(g) factors weigh in favor of pre-trial detention. The Government has carried its burden to show that Brown poses a serious risk of flight and a danger to the community, both of which warrants pre-trial detention.

### III.     CONCLUSION

For the above reasons, the Court concludes there are no conditions or combination of conditions that can reasonably ensure Brown will return as required for these proceedings.

Accordingly, Magistrate Baughman's detention order (ECF Doc. 13) is **AFFIRMED**, and Brown's request for pre-trial release with conditions (ECF Doc. 20) is **DENIED**.

    **IT IS SO ORDERED.**

    */s/ Dan Aaron Polster May 25, 2022*
**Dan Aaron Polster**
**United States District Judge**